IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> CHRISTOPHER STUART CRITTENDEN, <br><br> Defendant | Case No. 1:25-mj-231 |

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, Daniel Markley, being duly sworn, depose and state:

1.	I am currently employed as a Special Agent of the Federal Bureau of Investigations ("FBI") and have been so employed for over 13 years. Since May 2019, I have been assigned to the Washington Field Office ("WFO") of the FBI, where I investigate violations of federal law that occur within the airport environment and on-board aircraft. I am familiar with the relevant federal statutes, including under Titles 18 and 49 of the United States Code, and have conducted numerous investigations into offenses that have occurred within the airport environment.

2.	This affidavit is submitted in support of a criminal complaint and an arrest warrant for **Christopher Stuart Crittenden**, who, within the Eastern District of Virginia, by assaulting a Federal, airport, or air carrier employee who had security duties within the airport, interfered with the performance of the duties of the employee and lessened the ability of that employee to perform those duties, in violation of Tile 49, United States Code, Section 46503.

1

3. The facts and information contained in this affidavit are based upon my training and experience, personal knowledge, and observations during this investigation, as well as the observations of other agents involved in this investigation. This affidavit contains information necessary to support probable cause and is not intended to include each and every fact and matter observed by me or known to the United States.

## SUMMARY OF FACTS TO SUPPORT PROBABLE CAUSE

### 49 U.S.C. § 46503 Violation

4. On March 13, 2025, Crittenden visited Washington Dulles International Airport, in the Eastern District of Virginia, to travel to Atlanta, Georgia on United Airlines flight 2081. His flight was scheduled to depart from Gate D-12.

5. Around 5:10 p.m., when Crittenden discovered that the flight was delayed, he became irate and began to shout expletives at one of the United Airlines gate agents stationed at Gate D-12 ("the victim"). The victim apologized for the delay and gave Crittenden his boarding pass. Crittenden nevertheless continued to shout at the victim and other United staff about how the delay was "fucked up."

6. The victim asked Crittenden to refrain from using profane language and to step aside so the victim could assist other passengers waiting in line. Crittenden moved about ten feet away but continued to yell at the victim and other gate agents.

7. Crittenden returned to the desk to request another boarding pass after ripping his boarding pass apart. The victim then communicated with the captain, who was on the jet bridge, to inform the captain that Crittenden was likely inebriated and verbally harassing United Airlines staff. The captain came to Gate D12 to speak with Crittenden and ultimately informed Crittenden

2

that he could not fly on the aircraft. The victim then began making routine gate announcements as a part of his normal duties for United.

8. Crittenden approached the victim and another gate agent while stating "you want this?" and punched the victim in the face with a closed fist. The punch landed near the victim's mouth and jaw. The victim fell to the floor and briefly lost consciousness. Crittenden then attempted to punch another gate agent, but that gate agent ducked and avoided the assault. Several other passengers approached Crittenden and restrained him until Metropolitan Washington Airports Authority ("MWAA") police officers arrived on scene.

9. MWAA police officers arrested Crittenden and recovered his Maryland driver's license identifying his name and date of birth during the search incident to arrest. MWAA medics transported the victim to the hospital for further medical evaluation and treatment.

10. As a United Airlines gate agent, the victim is an air carrier employee who has security duties within the airport that include performing check-in and boarding functions. By punching the victim, Crittenden both interfered with the performance of the victim's security duties and lessened the victim's ability to perform said duties.

11. The victim has provided statements confirming the above facts. In addition, other witnesses provided written statements corroborating the account above. The assault was also captured on video by the airport's jet bridge closed circuit television camera.

## CONCLUSION

12. Based on the foregoing, I submit that there is probable cause to believe that on or about March 13, 2025, in Loudoun County, Virginia, within the Eastern District of Virginia, the defendant, **Crittenden**, did interfere with the duties of an airport or air carrier employee who had security duties in the airport and lessened the ability of the employee to perform those duties, in violation of Title 49 United States Code, Section 46503.

Respectfully submitted,

_____
Daniel Markley
Special Agent
Federal Bureau of Investigations

Attested to by the applicant in accordance
with the requirements of Fed. R. Crim. P. 4.1
by telephone on April 9 2025.

Lindsey R Vaala
Digitally signed by Lindsey R Vaala
Date: 2025.04.09 12:18:42 -04'00'

_____
The Honorable Lindsey R. Vaala
United States Magistrate Judge

Alexandria, Virginia

4